Filed 9/4/13  P. v. Zeigler CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C069937 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CM034425, CM034238) |
| v. | |
| ANCHALLA ANDRE ZEIGLER, | |
| Defendant and Appellant. | |

In March 2011, 20-year-old Khalil A. was shot in the chest with a silver revolver in Chico.  The shooting occurred toward the end of a party in a parking lot outside a club at around 1:00 a.m.  The shooter came up to Khalil A., started "acting tough," and claimed to be a Blood gang member from Compton.  Khalil A. asked the shooter, " 'How you going to act tough with a church shirt on?' "  The shooter responded by firing at Khalil A., hitting him in the chest.  The shooter was facing him, with nobody in between, from about six to 10 feet away.  The shooter then took off running.  Khalil A. identified defendant Anchalla Andre Zeigler as the shooter in a photographic lineup and in court.

1

So did a friend of his who saw the shooting. When police searched defendant's home, they found a revolver that looked similar to the one used in the shooting that had one spent casing inside, indicating the gun had been fired once. A jury found defendant guilty of attempted voluntary manslaughter (which was a lesser included offense of charged murder), assault with a firearm, and felon in possession of a firearm.

On appeal from the resulting conviction, defendant contends the court violated his right to a fair trial in admitting evidence that he perpetrated a shooting in 2008. As we explain below, the court did not abuse its discretion in admitting the evidence of the prior shooting. (*People v. Kipp* (1998) 18 Cal.4th 349, 369 [standard of review].)

The 2008 shooting occurred in Chico at about 1:00 a.m. Defendant (who was with friends) approached 20-year-old C. and her friends (including J.), who were sitting on the lawn of a home across from a large house party, and asked them if they knew "Mike," who lived across the street. They said no, and defendant and his friends left but told C. and her friends that if they saw Mike to tell him they were looking for him. A few hours later, defendant and one of his friends returned and accused J. of being racist.[1] Defendant pulled out a chrome revolver and held it to J.'s temple and said he was a Blood. Defendant and his friend started hitting J. and another of J.'s male friends in the head and eventually had them down on their knees. When C. tried to intervene, defendant put a gun to her head and told her, " 'Shut up you fucking white bitch.' " Defendant ordered others to go into the house and retrieve some guns, which they did. As defendant and his friend were leaving, defendant said they were going to come back in the morning and kill them and their families. When C. made her way to her car, she saw defendant standing in the middle of the road firing a chrome revolver at her and J., while facing them. The trial court instructed the jury that the prior shooting (which it said was an assault with a

---

[1] J. had a shaved head and the house he was at had a confederate flag that was clearly visible from the outside.

2

firearm) was to be used for intent to kill, motive to commit the charged crimes here, or possession of a firearm.[2]

The prior shooting was sufficiently similar to the current shooting for the purposes of showing intent, motive, or possession -- which require a lesser degree of similarity between the uncharged act and the charged offense than is required to prove identity. (*People v. Ewoldt* (1994) 7 Cal.4th 380, 402-403.) In both cases, defendant provoked a verbal fight early in the morning with unfamiliar victims in their 20's in Chico while referencing his gang, the Bloods. He turned the verbal fight into a serious physical one by pulling out a silver or chrome revolver and shooting directly at the victims.

To the extent defendant also argues that notwithstanding the similarities between the two shootings, the court erred in admitting the evidence of the 2008 shooting because it was uniquely prejudicial, we find no abuse of discretion. It is true there was a racial component to the 2008 crimes (defendant accused the victims of being racist and called C. a "fucking white bitch") that was not present in the charged crimes. However, the actual outcome of the charged crimes was much more disturbing. None of the bullets hit the victims of the 2008 shooting. In contrast, defendant shot Khalil A. in the chest, causing an eight-inch puncture hole that required inserting a tube in his lungs to improve their functioning. Given the similarities in the two crimes and the more severe nature of the current shooting, we cannot say the trial court abused its discretion in admitting evidence of the 2008 shooting.

---

[2] The written instructions given to the jury similarly stated the prior shooting was to be used for intent, motive, and possession. These instructions controlled how the jury was allowed to use the prior shooting evidence (*People v. Wilson* (2008) 44 Cal.4th 758, 803), despite an earlier oral instruction from the court given just before the evidence of the prior shooting was put before the jury that stated the prior shooting evidence could be used to show "identity, intent, motive, opportunity, common plan, design or scheme."

DISPOSITION

The judgment is affirmed.

                              _____ROBIE_____ , J.

We concur:

_____ULL_____ , Acting P. J.

_____MAURO_____ , J.